**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JACQUELINE "JACKIE" JAIMEZ *f/k/a* JACQUELINE "JACKIE" WEIGEL, a Kansas citizen,**

**Plaintiff,**

***vs.***

**MBNA AMERICA BANK, N.A. *d/b/a* MBNA AMERICA BANK *d/b/a* INDIVIDUALIZED BANKCARD SERVICES, *d/b/a* BANKCARD SERVICES, *d/b/a* FIDELITY INVESTMENTS QUANTUM MASTERCARD,**

***Serve*: Any officer, manager or resident, managing or general agent or by leaving a copy of the *Summons* and *Complaint* with any person then having charge of the office of MBNA America Bank, N.A., *d/b/a* MBNA America Bank *d/b/a* Individualized BankCard Services, *d/b/a* BankCard Services, *d/b/a* Fidelity Investments QUANTUM MasterCard, 1100 North King Street, Wilmington, New Castle County, Delaware 19884-0131**

***or***

**P.O. Box 15026**
**Wilmington, New Castle County, Delaware 19850-5026**

***or***

**P.O. Box 15724**
**Wilmington, New Castle County, Delaware 19850-5724**

**Defendant.**

**Civil Action no. 05-**2478 JWL

**COMPLAINT**

***Jury Trial Demanded***

**COMPLAINT**

**COMES NOW,** Jacqueline "Jackie" Jaimez, f/k/a Jacqueline "Jackie" Weigel, plaintiff, and for her cause of action states and alleges:

**Parties, Jurisdiction & Venue**

1. At all times material hereto the plaintiff has been a resident of Lawrence, Douglas County, Kansas.

2. The defendant is a national bank chartered under the laws of the United States, and a business entity, with its headquarters located in Wilmington, New Castle County, Delaware, and doing business throughout the United States and in Kansas under as MBNA America Bank, N.A., d/b/a MBNA America Bank, d/b/a Individualized BankCard Services, d/b/a BankCard Services, d/b/a Fidelity Investments QUANTUM MasterCard. The defendant may be served with process, summons, complaint and any other items at the address indicated above or such other addresses as it may be found within and without the state of Kansas.

3. This is an action for actual damages, statutory damages, injunctive relief, and attorneys' fees for violation of the *Fair Credit Reporting Act* ("*F.C.B.A.*") and Regulation Z issued thereunder.

4. Jurisdiction over this action is conferred upon this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1332, 1337(a), 1367 and/or K.S.A. 60-308(b)(1) and/or (5).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(a).

**Introductory Facts**

6. In 1998 the plaintiff entered into an open-ended credit transaction, namely the opening of a MBNA America Bank N.A., d/b/a MBNA America Bank, d/b/a Individualized BankCard Services,

d/b/a BankCard Services, d/b/a Fidelity Investments QUANTUM MasterCard charge account, number XXXX-XXXX-3704-7244 with the defendant.

7. The above-referenced account was used primarily or exclusively for personal, family and/or household purposes.

8. The defendant submitted to the plaintiff in Kansas periodic statements reflecting extensions of credit, and costs and fees.

9. On or about November 23, 2004, the plaintiff sent a *Notice of Billing Error*, pursuant to and in compliance with 15 U.S.C. § 1666 and 12 C.F.R. § 226.13 to the defendant that was received by the defendant on December 2, 2004. *See* **Exhibit 1** *attached.*

10. On or about January 8, 2005, after having received no acknowledgment of and/or response from the defendant, to the plaintiff's *Notice of Billing Errors*, the plaintiff sent a *Second Notice of Billing Errors*, pursuant to and in compliance with 15 U.S.C. § 1666 and 12 C.F.R. § 226.13 to the defendant, that was received by the defendant on January 11, 2005. *See* **Exhibit 2** *attached.*

11. On or about March 7, 2005, without having responded to either of the plaintiff's *Notice of Billing Errors* or *Second Notice of Billing Errors* the plaintiff had, or caused its attorneys, Wolpoff & Abramson, L.L.P., Rockville, Maryland, to send to the plaintiff in Kansas a demand letter for full payment (**Exhibit 3** *attached*), including for charges and fees that the plaintiff had inquired of pursuant to her *Notice of Billing Errors* or *Second Notice of Billing Errors.*

12. On April 13, 2005, the plaintiff sent a letter to the defendant's attorneys, Wolpoff & Abramson, L.L.P.--received April 15, 2005–noting that she had previously written to the defendant telling it there were problems on her account, the amounts on the statements were not accurate, and requesting

verification of the amounts. *See* **Exhibit 4** *attached.*

13. At no time before the commencement of this action, has the plaintiff received an acknowledgment of and/or a response from the defendant to either the plaintiff's *Notice of Billing Errors*, *Second Notice of Billing Errors* and/or letter sent on April 13, 2005, to the defendant's attorneys, Wolpoff & Abramson, L.L.P.

***Fair Credit Billing Act* Violations**

14. The plaintiff adopts and incorporates by reference ¶¶ 1 - 13 *above*, as though set forth herein in full.

15. The defendant violated the *F.C.B.A.* by failing to give all proper required disclosures to the plaintiff before opening the plaintiff's account, and additional disclosures since such time.

16. The defendant violated 15 U.S.C. § 1666, on at least one occasion, by failing to refrain from actions prohibited by the statute, before complying with the *F.C.B.A.*

17. The defendant violated with 15 U.S.C. § 1666a(a), on at least one occasion, by failing to refrain from actions prohibited by the statute, before complying with the *F.C.B.A.*

18. The defendant violated 15 U.S.C. § 1666a(b), on at least one occasion, by failing to report the account as "In Dispute" and at the same time notifying the plaintiff of the name and address of each third party to which such a report was made, after receiving *Notice of Billing Errors* (**Exhibit 1**) from the plaintiff.

19. The defendant violated 15 U.S.C. § 1666a(b), on at least one occasion, by failing to report the account as "In Dispute" and at the same time notifying the plaintiff of the name and address of each third party to which such a report was made, after receiving a *Second Notice of Billing Errors* (**Exhibit 2**) from

the plaintiff after the defendant failed to respond to the plaintiff's *Notice of Billing Errors*. **Exhibit 1.**

20. The defendant violated 15 U.S.C. § 1666a(b), on at least one occasion, by failing to report the account was "In Dispute" and at the same time notifying the plaintiff of the names and addresses of each third party to which such a report was made after receiving and/or being made aware of the plaintiff's letter sent on April 13, 2005 (**Exhibit 4**) to the defendant's attorneys, Wolpoff & Abramson, L.L.P.

21. The defendant violated 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the plaintiff's account and failing to conduct a reasonable investigation of the billing errors, within two complete billing cycles of the plaintiff after receipt of the plaintiff's *Notice of Billing Errors*. **Exhibit 1.**

22. The defendant violated 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the plaintiff's account and failing to conduct a reasonable investigation of the billing errors, within two complete billing cycles of the plaintiff after receipt of the plaintiff's *Second Notice of Billing Errors*. **Exhibit 2.**

23. The defendant violated 15 U.S.C. § 1666(a)(3)(B)(i) by failing to make any appropriate corrections to the plaintiff's account and failing to conduct a reasonable investigation of the billing errors, within two complete billing cycles of the plaintiff after receipt of the plaintiff's letter sent on April 13, 2005, to the defendant's attorneys. **Exhibit 4**.

24. The defendant violated 15 U.S.C. § 1666(a)(3)(B)(i), by failing to make any appropriate corrections to the plaintiff's account and failing to send a written explanation or clarification of the reasons why the plaintiff's account was correctly shown on said statement error within two complete billing cycles of the plaintiff after receipt of the plaintiff's *Notice of Billing Errors* (**Exhibit 1**), as required by 15 U.S.C.

§ 1666(a)(3)(B)(ii) and before taking collection action by sending the plaintiff billing statements.

25. The defendant violated 15 U.S.C. § 1666(a)(3)(B)(i), by failing to make any appropriate corrections to the plaintiff's account and failing to send a written explanation or clarification of the reasons why the plaintiff's account was correctly shown on said statement error within two complete billing cycles of the plaintiff after receipt of the plaintiff's *Second Notice of Billing Errors* **(Exhibit 2)**, as required by 15 U.S.C. § 1666(a)(3)(B)(ii) and before taking collection action by sending the plaintiff billing statements.

26. The defendant violated 15 U.S.C. § 1666(a)(3)(B)(i), by failing to make any appropriate corrections to the plaintiff's account and failing to send a written explanation or clarification of the reasons why the plaintiff's account was correctly shown on said statement error within two complete billing cycles of the plaintiff after receipt of the plaintiff's letter sent on April 13, 2005 to the defendant's attorneys **(Exhibit 4)**, as required by 15 U.S.C. § 1666(a)(3)(B)(ii) and before taking collection action by sending the plaintiff billing statements.

27. The defendant violated 15 U.S.C. § 1666(a)(3)(B)(i), by failing, upon the plaintiff's request, to provide copies of documentary evidence of the plaintiff's indebtedness to the plaintiff within two complete billing cycles of the plaintiff after receipt of the *Notice of Billing Errors* **(Exhibit 1)**, as required by 15 U.S.C. § 1666(a)(3)(B)(ii) and before taking collection action by sending the plaintiff billing statements.

28. The defendant violated 15 U.S.C. § 1666(a)(3)(B)(i), by failing, upon the plaintiff's request, to provide copies of documentary evidence of the plaintiff's indebtedness to the plaintiff within two complete billing cycles of the plaintiff after receipt of the *Second Notice of Billing Errors* **(Exhibit 2)**, as required by 15 U.S.C. § 1666(a)(3)(B)(ii) and before taking collection action by sending the plaintiff billing

statements.

29. The defendant violated 15 U.S.C. § 1666(a)(3)(B)(i), by failing, upon the plaintiff's request, to provide copies of documentary evidence of the plaintiff's indebtedness to the plaintiff within two complete billing cycles of the plaintiff after receipt of the plaintiff's letter sent on April 13, 2005 to the defendant's attorneys (**Exhibit 4**), as required by 15 U.S.C. § 1666(a)(3)(B)(ii) and before taking collection action by sending the plaintiff billing statements.

30. The defendant violated 15 U.S.C. § 1666, on at least one occasion, by failing to comply within the statutory time lines.

31. The defendant, violated 12 C.F.R. § 226.13(d), on at least one occasion, by attempting to collect a portion of the payment that was related to an amount in dispute and which had not been resolved pursuant to 12 C.F.R. § 226.13(e) or (f), by sending the plaintiff periodic billing statements without indicating that payment of such disputed amounts and related charges was not required, pending the defendant's compliance with 12 C.F.R. § 226.13.

32. The defendant restricted the plaintiff's account solely because of the plaintiff's failure to pay a disputed amount by charging a finance charge before satisfying the requirements of 15 U.S.C. § 1666(a)(3)(B).

**WHEREFORE**, the Jacqueline "Jackie" Jaimez, f/k/a Jacqueline "Jackie" Weigel, plaintiff, demands judgment, pursuant to 12 C.F.R. § 226.13, 15 U.S.C. §1640(a) and 15 U.S.C. §1666(e), and as may elsewhere be provided at law, against MBNA America Bank, N.A., MBNA America Bank, d/b/a Individualized BankCard Services, d/b/a BankCard Services, d/b/a Fidelity Investments QUANTUM MasterCard, defendant, as follows:

(a) Reducing, pursuant to 15 U.S.C. § 1666(e), the plaintiff's debt to defendant, its successors and assigns, in regard to the subject account, if any such debt exists, by the statutory forfeiture of $50.00;

(b) As twice the finance charges in this action exceeds the statutory cap, an award to the plaintiff of the maximum statutory damages of $1,000.00 available pursuant to 15 U.S.C. § 1640(a)(2)(A), for each violation of 15 U.S.C. §§ 1666 and 1666a;

(c) An award to the plaintiff of the costs of the action, together with a reasonable attorney's fees as determined by the Court, pursuant to 15 U.S.C. § 1640(a)(3); and

(d) Enjoining the defendant: (i) to identify to the plaintiff all credit reporting agencies, persons, and entities which it has notified of the plaintiff's alleged delinquency in regard to the plaintiff's account; (ii) to notify all such agencies, persons, and entities that the plaintiff was not and is not presently delinquent in regard to the plaintiff's account; (iii) to refrain forever from notifying any agency, person, or entity that the plaintiff is delinquent in regard to the plaintiff's account until the same shall have been determined by a court of competent jurisdiction; (e) and for such relief, remedy and/or redress, legal, equitable, statutory and/or regulatory, that the Court may deem just, appropriate and/or warranted.

**KENT T. PERRY & CO., L.C.**

**Kent T. Perry D. Kan. # 06567**
**Gregory M. Dennis D. Kan. # 11126**
**7300 West 110th Street, Suite 260**
**Overland Park, Kansas 66210-2387**
**Tel: (913) 498-1700**
**Fax: (913) 498-8488**

**ATTORNEYS FOR PLAINTIFF**

## ***DEMAND FOR TRIAL BY JURY***

**Pursuant** to Fed. R. Civ. P. 38(b), Jacqueline "Jackie" Jaimez, f/k/a Jacqueline "Jackie" Weigel, plaintiff, demands trial by jury of all issues so triable of right.

**Kent T. Perry D. Kan. # 06567**
**Gregory M. Dennis D. Kan. # 11126**

Dispute or Legal Department
MBNA America/Fidelity Investments
P.O. Box 15026
Wilmington, DE 19850-5026

Re: Account [redacted] 3704 7244

11/23/04

Certified Mail Number: 7004 2510 0003 4580 2636

**Dear MBNA America/Fidelity Investments Dispute Department:**

**NOTICE OF BILLING ERROR**

Pursuant to 15 U.S.C. 1666, I am writing you at the address on my billing statements to be used for billing inquiries within sixty days of receiving statements of my account dated 9/21/2004 and 10/21/2004 in connection with extensions of consumer credit. I hereby provide you notice that I believe said statements contain errors in the total amount you allege to be due, and other more specific items, as laid out more completely below. My belief that the statements contain billing errors under 15 U.S.C. 1666(b)(1), (2) and (5) is based upon my belief that you failed to give all the proper disclosures required by law to me prior to opening this account, and additional disclosures since then. Because you failed to provide these disclosures, the account could not legally be opened and I should not be responsible for the payment of interest, fees or other finance charges. While I understand I will likely still be responsible for the repayment of purchases and cash advances, I do not believe I should be responsible for interest, finance charges and other fees. As I have made payments on this account that have been applied to these improper charges the items I claim are billing errors are improperly reflected on the statements in the incorrect amount and/or inaccurate due to a computational or accounting error.

**DISPUTE OF OBLIGATION AND**
**BILLING ERROR PURSUANT TO 15 U.S.C. 1666(b)(1) and (5)**

Because I believe I should not have been charged finance charges or fees for the history of this account, I dispute the accuracy of the following items on my statements which have been calculated based on those charges: the current balance, the amounts and payments due and all finance charges and other fees charged since this account was opened. The exact amount of all such previous finance charges and fees hereby disputed will be determined after you provide the documentary evidence requested below. More specifically, I dispute the accuracy of:

1. the alleged current balance of $10,073.06,
2. the alleged finance charges $163.29 and
3. the minimum payment allegedly due of $178.00 that are listed on the statement dated 9/21/2004.

I further dispute the accuracy of:

1. the alleged previous balance of $10,073.06,
2. the alleged current balance of $11,283.71,
3. the alleged finance charges $116.85 and
4. the minimum payment allegedly due of $131.00 that are listed on the statement dated 10/21/2004.

EXHIBIT 1

**BILLING ERROR PURSUANT TO 15 U.S.C. 1666(b)(2)**

Because your claim as to my indebtedness rests on the existence of the alleged account and cardholder agreement, if the account was not able to be opened properly because of your failure to give the disclosures, then the amount of the indebtedness is called into question. Therefore, I request the documentary evidence of indebtedness detailed below. The statements contain billing errors under 15 U.S.C. 1666(b)(2) in that the statements reflect, inaccuracies through their individual items, the entire balance due, finance charges and all extensions of consumer credit for which you claim I am indebted to you, and I request additional clarification regarding all such extensions of consumer credit, including all documentary evidence thereof you possess or are able to obtain, specifically including, but not limited to the following:

1. Copies of all records of my written and signed authorizations for any purchases from all vendors for which an extension of consumer credit is claimed to have been made.

2. For any claimed extension of consumer credit where there is not a written authorization signed by me, a copy of all records of evidence of any other authorization by me, such as use of my PIN, or other identifying information.

3. If you claim any extension of consumer credit where you have no proof of authorization by me, a statement by you of the factual and legal basis of your claim that I am indebted to you for such an extension of consumer credit, or payment to any third party.

4. Copies of documents showing that all disclosures required by law that were given to me prior to opening this account, at any renewing of the account, and otherwise; including documentary evidence that any such disclosure was made to me, by whom, when, how and where.

5. The original cardholder agreement to which you allege I first agreed to, as well as any amendments you allegedly made thereto.

6. An accounting of all interest, fees, or other charges assessed to my account since it was opened.

7. Clarification of the amount(s) that I will need to pay pending the resolution of this billing error dispute and when such amounts will need to be paid.

8. Any other documents you allege, suggest or will rely upon to prove in a court of law or other dispute resolution forum, that I am indebted to you in the amount alleged.

I expect a prompt written response to this billing error dispute and request for documentary evidence made under the FCBA. I wish to make it clear that the forwarding of nothing but copies of previous statements or form letters will not suffice to fulfill this clear request for both specific and general documentation. I sincerely hope that we can come to a quick and mutually beneficial agreement as to how to settle this bona fide dispute. However, should you ignore this matter, I will pursue relief through any and all means legally available to me. Thank you in advance for your anticipated cooperation.

Sincerely,

Jacqueline Weigel

Jacqueline Weigel

EXHIBIT 1


U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®
OFFICIAL USE
WILMINGTON DE 19850

| | |
|---|---|
| Postage | $ $0.60 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $4.65 |

Postmark Here: LAWRENCE, KS 66044 NOV 29 2004 USPS

Sent To: Dispute or Legal Dept. MBNA America/Fidelity Investments
Street, Apt. No.; or PO Box No.: P.O. Box 15026
City, State, ZIP+4: Wilmington, DE 19850-5026
PS Form 3800, June 2002 See Reverse for Instructions

7004 2510 0003 4580 2636

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MBNA America/Fidelity Investments
P.O. Box 15026 - Dispute or Legal Dept
Wilmington, DE 19850-5026

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ☐ Agent ☐ Addressee
B. Received by (Printed Name) CHRIS COVERDALE
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
DEC 2 2004

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7004 2510 0003 4580 2636

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

EXHIBIT 1




Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7004 2510 0003 4580 2636**
Status: **Delivered**

Your item was delivered at 10:27 am on December 02, 2004 in WILMINGTON, DE 19886. The item was signed for by S RIVERA. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

Restore Offline Details > ? Return to USPS.com Home >

Track & Confirm

Enter Label/Receipt Number.

POSTAL INSPECTORS
Preserving the Trust

site map contact us government services jobs National & Premier Accounts

Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use Privacy Policy

EXHIBIT 1

Dispute or Legal Department

MBNA America-Fidelity Investments
P.O. Box 15026
Wilmington, DE 19850-5026

Re: Account [redacted] 3704 7244

1/8/2005

Certified Mail Number: 70042510000345805613

**Dear MBNA America-Fidelity Investments Dispute Department:**

**SECOND NOTICE OF BILLING ERRORS**

Pursuant to 15 U.S.C. 1666, I am writing you at the address on my billing statements to be used for billing inquiries within sixty days of receiving a statement of my account dated 12/20/2004 in connection with extensions of consumer credit. I hereby provide you notice that I believe said statement contains errors in the total amount you allege to be due, and other more specific items, as laid out more completely below. My belief that the statement contains billing errors under 15 U.S.C. 1666(b)(1), (2) and (5) is based upon my belief that you failed to give all the proper disclosures required by law to me prior to opening this account, and additional disclosures since then. Because you failed to provide these disclosures, the account could not legally be opened and I should not be responsible for the payment of interest, fees or other finance charges. While I understand I will likely still be responsible for the repayment of purchases and cash advances, I do not believe I should be responsible for interest, finance charges and other fees. As I have made payments on this account that have been applied to these improper charges the items I claim are billing errors are improperly reflected on the statements in the incorrect amount and/or inaccurate due to a computational or accounting error.

**DISPUTE OF OBLIGATION AND BILLING ERROR PURSUANT TO 15 U.S.C. 1666(b)(1) and (5)**

Because I believe I should not have been charged finance charges or fees for the history of this account, I dispute the accuracy of the following items on my statements which have been calculated based on the inclusion of those charges: the current balance, the amounts and payments due and all finance charges and other fees charged since this account was opened. The exact amount of all such previous finance charges and fees hereby disputed will be determined after you provide the documentary evidence requested below. More specifically, I dispute the accuracy of the following amounts listed on the statement dated 12/20/2004:

1. the alleged current balance of $12,910.15,

2.the alleged finance charges and fees of $191.07 and

3.the minimum payment allegedly due of $357.00.

**BILLING ERROR PURSUANT TO 15 U.S.C. 1666(b)(2)**

Because your claim as to my indebtedness rests on the existence of the alleged account and cardholder agreement, if the account was not able to be opened properly because of your failure to give the disclosures, then the amount of the indebtedness is called into question. Therefore, I request the documentary evidence of indebtedness detailed below. The statement contains billing errors under 15 U.S.C. 1666(b)(2) in that the statements reflect inaccuracies through their individual items, the entire balance due, finance charges and all extensions of consumer credit for which you claim I am indebted to you, and I request additional clarification regarding all such extensions of consumer credit, including all documentary evidence thereof you possess or are able to obtain, specifically including, but not limited to the following:

1.Copies of all records of my written and signed authorizations for any purchases from all vendors for which an extension of consumer credit is claimed to have been made.

2.For any claimed extension of consumer credit where there is not a written authorization signed by me, a copy of all records of evidence of any other authorization by me, such as use of my PIN, or other identifying information.

3.If you claim any extension of consumer credit where you have no proof of authorization by me, a statement by you of the factual and legal basis of your claim that I am indebted to you for such an extension of consumer credit, or payment to any third party.

4.Copies of documents showing that all disclosures required by law that were given to me prior to opening this account, at any renewing of the account, and otherwise; including documentary evidence that any such disclosure was made to me, by whom, when, how and where.

5.The original cardholder agreement to which you allege I first agreed to, as well as any amendments you allegedly made thereto.

6.An accounting of all interest, fees, or other charges assessed to my account since it was opened.

7.Clarification of the amount(s) that I will need to pay pending the resolution of this billing error dispute and when such amounts will need to be paid.

8.Any other documents you allege, suggest or will rely upon to prove in a court of

law or other dispute resolution forum, that I am indebted to you in the amount alleged.

I expect a prompt written response to this billing error dispute and request for documentary evidence made under the FCBA. I wish to make it clear that the forwarding of nothing but copies of previous statements or form letters will not suffice to fulfill this clear request for both specific and general documentation. I sincerely hope that we can come to a quick and mutually beneficial agreement as to how to settle this bona fide dispute. However, should you ignore this matter, I will pursue relief through any and all means legally available to me. Thank you in advance for your anticipated cooperation.

Sincerely,

Jacqueline Weigel

Jacqueline Weigel

P.S. Feel free to call me at home 206-[redacted]-1990 or on my cell phone at 913-[redacted]-9547, if you have any questions on this account.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MBNA America - Fidelity Investments
Dispute or Legal Dept.
P.O. Box 15026
Wilmington, DE 19850-5026

2. Article [illegible] (Transf[illegible]

PS Form [illegible]

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] CHRIS COVERDALE ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JAN 1 7 2005

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

[illegible]595-02[illegible]



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

WILMINGTON DE 19850

| | |
|---|---|
| Postage | $ $0.37 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $4.42 |

LAWRENCE KS 66044
03 JAN 8 2005
Postmark Here
01/08/2005

7004 2510 0003 4580 5513

Sent To
MBNA America - Fidelity Investments Dispute or Legal Dept
Street, Apt. No.; or PO Box No. Box 15026
City, State, ZIP+4 Wilmington, DE 19850-5026

PS Form 3800, June 2002 See Reverse for Instructions

EXHIBIT 2





# Track & Confirm

## Search Results

Label/Receipt Number: **7004 2510 0003 4580 5613**
Status: **Delivered**

Your item was delivered at 8:32 am on January 11, 2005 in WILMINGTON, DE 19886. The item was signed for by W AUSTIN. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

Restore Offline Details > ? Return to USPS.com Home >

Track & Confirm

Enter Label/Receipt Number.


Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use Privacy Policy

EXHIBIT 2

4164
main office
Two Irving Center 702 King Farm Blvd; Rockville, MD 20850

LAW OFFICES
WOLPOFF + ABRAMSON, L.L.P.

National Collection Attorney Network Affiliated Firm locations (not regional offices of Wolpoff + Abramson, L.L.P.)

REGIONAL OFFICES
10605 JUDICIAL DR., BLDG. A-5, FAIRFAX, VA 22030
1108 E. MAIN ST., STE. 1003, RICHMOND, VA 23215
5122 GREENWICH RD., VIRGINIA BEACH, VA 23462
919 N. MARKET ST., STE. 1300, WILMINGTON, DE 19899
1954 GREENSPRING DR., STE. 400, TIMONIUM, MD 21093
1 VALLEY BANK BLDG, BOX 1226, CLARKSBURG, WV 26302
2625 TOWNSGATE RD #330, WESTLAKE VILLAGE, CA 91361
267 E. MARKET ST., YORK, PA 17403
24360 NOVI RD., BLDG. 1, NOVI, MI 48375
300 CANAL VIEW BLVD., ROCHESTER, NY 14623

NATIONAL COLLECTION ATTORNEY NETWORK AFFILIATED FIRM LOCATIONS [NOT REGIONAL OFFICES OF WOLPOFF & ABRAMSON, L.L.P.]*
BIRMINGHAM, ALABAMA
ANCHORAGE, ALASKA
PHOENIX, ARIZONA
CABOT, ARKANSAS
ENGLEWOOD, COLORADO
FT. LAUDERDALE, FLORIDA

*Attorneys in the Practice of Debt Collection*
(A National Collection Attorney Network Firm)
TWO IRVINGTON CENTRE
702 KING FARM BLVD.
ROCKVILLE, MD 20850-5775
240-386-3270
OUTSIDE WASHINGTON, D.C. METROPOLITAN AREA
(TOLL FREE)
1-800-365-6584
FACSIMILE (240) 386-3111

PLEASE DIRECT ALL INQUIRIES TO MAIN OFFICE

NORCROSS, GEORGIA
HONOLULU, HAWAII
BOISE, IDAHO
MERRILLVILLE, INDIANA
CHICAGO, ILLINOIS
KANSAS CITY, KANSAS
LEXINGTON, KENTUCKY
METAIRIE, LOUISIANA
NEEDHAM, MASSACHUSETTS
MINNEAPOLIS, MINNESOTA
ST. LOUIS, MISSOURI
GREAT FALLS, MONTANA
OMAHA, NEBRASKA
LAS VEGAS, NEVADA
MANCHESTER, NEW HAMPSHIRE
CEDAR KNOLLS, NEW JERSEY
RALEIGH, NORTH CAROLINA
FARGO, NORTH DAKOTA
CLEVELAND, OHIO
OKLAHOMA CITY, OKLAH
EUGENE, OREGON
PROVIDENCE, RHODE ISI
COLUMBIA, SOUTH CARC
KNOXVILLE, TENNESSEE
HOUSTON, TEXAS
SANDY, UTAH
MILWAUKEE, WISCONSIN
RAWLINS, WYOMING

* The National Collection Attorney Network is an affiliation of separate law f

W&A Hours of Operation: 8 a.m. - 11 p.m. E.S.T. M-F

MARCH 07, 2005

135151880
JACQUELINE WEIGEL

PO BOX 442390
LAWRENCE KS 66044-8937

April J. Teets, Esq.
ADMITTED: (MI)

W&A File No. 135151880

Re: MBNA/MASTERCARD
Balance: $ 13101.15

Our client has authorized this office to make an offer to settle your past-due account.

We have been permitted to accept $ 10082.44 , which represents 77% of the outstanding balance as settlement in full of your obligation.

We will note our file that if a lump sum payment in the above-referenced amount is made by 04/04/05 we will cease all further collection efforts and mark this matter as settled in full. Please make your check or money order payable to our client but send it to our office along with the payment coupon below. Please be sure to include the W&A file number listed above on your payment.

If you cannot make the entire payment by the above date, please call our office and we will be happy to make reasonable payment arrangements with you on the full balance.

Very truly yours,

WOLPOFF & ABRAMSON, L.L.P.

THE ABOVE ATTORNEY PERSONALLY REVIEWED THIS MATTER AND PERSONALLY ORDERED THIS LETTER WITH HIS/HER ELECTRONIC SIGNATU

Please detach and return bottom portion with payment.

**PAYMENT COUPON**

Return Payment to:
Wolpoff & Abramson, L.L.P.
Two Irvington Centre
702 King Farm Blvd.
Rockville, MD 20850-5775

Amount Enclosed: $ ____________

☐ I have made an electronic payment through the Internet at www.wolpofflaw.com or the W&A Automated Payment Attendant at 1-800-395-4900. (If paying by Western Union Quick Collect, for your convenience please see payment instructions on reverse side.)

**W&A File No.: 135151880**

PLEASE USE THE ABOVE FILE NUMBER ON ALL CORRESPONDENCE AND PAYMENTS FOR IDENTIFICATION PURPOSES.

*****This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose.*****

BASE6 (01/11/05)
NATLSL/NATLSL

EXHIBIT 3

Payment Instructions for Western Union Quick Collect

For your convenience in paying by Western Union, please note the following instructions, **if applicable:**

1. Call Western Union at 1-800-762-1808 to locate the Western Union Agent closest to you.

2. Obtain a Quick Collect payment form from your Western Union Agent. Fill out the Quick Collect payment form completely. The code city and state you will use is King Farm, MD. The account number will be the W&A file number found on the front of this letter.

3. Give the agent the completed Quick Collect form, the payment amount, and the transaction fee ($12.95) in cash.

You will receive a receipt from the Western Union Agent with a ten-digit control number. This number is proof that the money was sent. Please retain the receipt for your records.

EXHIBIT 3

Jacqueline Weigel
P.O. Box 442390
Lawrence, KS 66044-8937

3/23/2005
Certified Mail Number: 7004 2510 0003 4580 2629

Wolpoff & Abramson LLP
2 Irvington Centre 702 King Farm Blvd
Rockville, MD 20850-5775

RE: MBNA America-Fidelity Investme
Account No. [redacted] 3704 7244
W&A File No. 135151880

RESPONSE TO YOUR LETTER OF 3/7/2005

Dear Wolpoff & Abramson LLP,

I am in receipt of your letter dated 3/7/2005. Thank you for contacting me on this. I am trying to get this account resolved. I have already been in touch with the card issuer and told them there were problems on this account. The amounts on the statement are not accurate. Have you checked with them? Maybe you can help resolve this. If you could look into this for me, I sure would appreciate it. I would appreciate it if you could get these amounts verified. Please get back with me regarding what you are able to find out as soon as possible.

I sure appreciate all your help on resolving this. Thank you very much.

Yours truly,

Jacqueline Weigel

Jacqueline Weigel

P.S. Feel free to call me on my cell phone at 913-[redacted]-9547, if you have any questions on this account.

EXHIBIT 4


LAWRENCE MAIN POST OFFICE
LAWRENCE, Kansas
660449998
2842230584-0098
04/13/2005 (785)843-1681 02:51:45 PM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| ROCKVILLE MD 20850-5775 | | | $0.37 |
| First-Class | | | |
| Return Receipt (Green Card) | | | $1.75 |
| Certified | | | $2.30 |
| Label Serial #: 70042510000345802629 | | | |
| Issue PVI: | | | $4.42 |
| Total: | | | $4.42 |
| Paid by: Cash | | | $10.00 |
| Change Due: | | | -$5.58 |

Bill#: 1000202060561
Clerk: 18

All sales final on stamps and postage. Refunds for guaranteed services only. Thank you for your business.
Customer Copy


7004 2510 0003 4580 2629

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE — ROCKVILLE MD 20850-5775

| | |
|---|---|
| Postage | $ $0.37 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | ~~$0.00~~ 1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ ~~$2.67~~ 4.42 |

Postmark Here: LAWRENCE, KS 66044 APR 13 2005 USPS

Sent To: Wolpoff + Abramson, LLP
Street, Apt. No.; or PO Box No.: 2 Irving Centre 702 King Farm Blvd
City, State, ZIP+4: Rockville, MD 20850-5775

PS Form 3800, June 2002 — See Reverse for Instructions


**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wolpoff + Abramson, LLP
2 Irving Centre
702 King Farm Blvd.
Rockville, MD 20850-5775

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature — Wolpoff & Abramson ☐ Agent ☐ Addressee
B. Received by (Printed Name) — C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

ROCKVILLE MD. REG. DIV. APR 15 2005 USPS

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7004 2510 0003 4580 2629

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

(EXHIBIT 4)





# Track & Confirm

## Search Results

Label/Receipt Number: **7004 2510 0003 4580 2629**
Status: **Delivered**

Your item was delivered at 10:30 am on April 15, 2005 in ROCKVILLE, MD 20850. The item was signed for by L HARPER. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

Restore Offline Details > Return to USPS.com Home >

Track & Confirm

Enter Label/Receipt Number.




Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use Privacy Policy

EXHIBIT 4