## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JACQUELINE "JACKIE" JAIMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **No. 05-2478-KHV** |
| MBNA AMERICA BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____) | ) | |

### MEMORANDUM AND ORDER

On November 9, 2005, Jacqueline Jaimez brought this action against MBNA America Bank, N.A. ("MBNA") alleging that it violated the Fair Credit Billing Act, 15 U. S. C. § 1666 et seq. ("FCBA"). This matter comes before the Court on defendant's Motion To Stay Proceedings And To Compel Arbitration (Doc. #8) filed December 15, 2005. For reasons set forth below, the Court finds that defendant's motion should be sustained.

### Factual Background

The following facts are undisputed unless otherwise noted.

In 1998, plaintiff entered a credit card agreement ("agreement") with MBNA. The agreement provided that Delaware law governed. It also provided that MBNA could amend the agreement by mailing a notice of an intended change to plaintiff, and that she would be deemed to accept the change unless she rejected it in writing. In December of 1999, MBNA mailed plaintiff an amendment to the credit card agreement which provided that disputes concerning the agreement would be arbitrated. The amendment gave Jaimez an opportunity to reject the arbitration clause. She did not

notify MBNA that she rejected the arbitration amendment.  Plaintiff does not remember receiving

the amendment.

Plaintiff continued to use her MBNA credit card after MBNA sent her the notice of the

amendment to the agreement.

The amendment provided in part as follows:

IMPORTANT AMENDMENT
TO YOUR CREDIT CARD AGREEMENT

This amendment changes the terms of your Credit Card Agreement.  Please read this
document carefully and keep it with your Credit Card Agreement.  Except for this
Amendment, the terms of your Credit Card Agreement continue in full force and
effect.

As provided in your Credit Card Agreement and under Delaware law, we are
amending the Credit Card Agreement to include an Arbitration Section.  Please read
it carefully because it will affect your right to go to court, including any right you may
have to have a jury trial.  Instead, you (and we) will have to arbitrate claims.  You
may choose not to be subject to this Arbitration Section by following the instructions
at the end of this notice; you may continue to use your account under the existing
terms even if you reject this section.  The Arbitration Section will become effective
on February 1, 2000.  The Arbitration Section reads:

The arbitration shall be conducted by the National Arbitration Forum ("NAF") under
the Code of Procedure in effect at the time the Claim is filed. . . .  At your written
request, we will advance any arbitration filing fee, administrative and hearing fees
which you are required to pay to pursue a claim in arbitration.  The arbitrator will
decide who will be ultimately responsible for paying those fees.  In no event will you
be required to reimburse us for any arbitration filing, administrative or hearing fees
in an amount greater than what your court costs would have been if the Claim had
been resolved in a state court with jurisdiction. . . .  The arbitration agreement is made
pursuant to a transaction involving interstate commerce, and shall be governed by the
Federal Arbitration Act, 9 U. S. C. §§ 1-16 ("FAA").

Defendant's Reply Memorandum In Support Of Motion To Stay Proceedings And To Compel

Arbitration (Doc. #17), Substitute Exh. 3.

On April 22, 2005, MBNA filed an arbitration claim in the National Arbitration Forum seeking

2

to recover the unpaid balance due on plaintiff's credit card account.[1]  On November 9, 2005, plaintiff

filed this action seeking damages and other relief under the FCBA.

## Analysis

MBNA asks the Court to stay this action pending arbitration.  Plaintiff opposes the motion,

asserting that (1) the arbitration amendment is not effective and (2) even if the MBNA effectively

amended the agreement, arbitration before the NAF is so expensive as to render the arbitration

amendment unconscionable.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., ensures that written arbitration

agreements in maritime transactions and transactions involving interstate commerce are "valid,

irrevocable, and enforceable."  9 U.S.C. § 2.  Federal policy favors arbitration agreements and

requires that the Court rigorously enforce them.  Shearson/Am. Exp., Inc. v. McMahon, 482 U.S.

220, 226 (1987) (citing Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985)); see Circuit

City Stores, Inc. v. Adams, 532 U.S. 105, 122-23 (2001) (arbitration agreements in employment

contracts generally enforceable).  Any doubts concerning the scope of arbitrable issues should be

resolved in favor of arbitration.  Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1,

24-25 (1983).

FAA Section 3 states:

If any suit or proceeding be brought in any of the courts of the United States upon
any issue referable to arbitration under an agreement in writing for such arbitration,
the court in which such suit is pending, upon being satisfied that the issue involved
in such suit or proceeding is referable to arbitration under such agreement, shall on
application of one of the parties stay the trial of the action until such arbitration has

---

[1]     MBNA has not served plaintiff with the arbitration claim because the claim listed an incorrect address for plaintiff.

been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

The question of arbitrability – whether the parties agreed to arbitrate a particular dispute – is an issue for judicial determination. AT&T Techs., Inc. v. Comm'n Workers Of Am., 475 U.S. 643, 649 (1986). Before granting a stay or dismissing a case pending arbitration, the Court must determine that the parties have a written agreement to arbitrate. See 9 U.S.C. §§ 3 and 4; Avedon Eng'r, Inc. v. Seatex, 126 F.3d 1279, 1283 (10th Cir. 1997). The existence of an arbitration agreement "is simply a matter of contract between the parties; [arbitration] is a way to resolve those disputes– but only those disputes–that the parties have agreed to submit to arbitration." Id.; see PaineWebber Inc. v. Elahi, 87 F.3d 589, 594 (1st Cir. 1996) (arbitration is matter of contract law and party can only be made to submit to arbitration those disputes which it has agreed to submit).

Plaintiff first asserts that the record reveals a genuine issue of material fact whether the parties agreed to arbitrate. Plaintiff does not dispute that the parties entered a credit card agreement in 1998, or that defendant mailed to her billing address the proposed arbitration amendment. The proposal allowed plaintiff to reject the arbitration amendment by notifying MBNA in writing. MBNA did not receive a rejection. This evidence allows the reasonable inference that plaintiff received the proposal and did not reject it. See Tinker v. Pinkerton Sec., 305 F.3d 728, 735-36 (7th Cir. 2002). Plaintiff offers no evidence to rebut this inference. She does not deny receiving the amendment, although she points to her verified statement that she "has no recollection of receiving" it. Further, plaintiff does not deny that she failed to reject the proposed amendment. She has not presented evidence to rebut evidence that the parties agreed to the arbitration amendment.

4

Alternatively, plaintiff asserts that MBNA could not amend the credit card agreement by sending her the proposed amendment, relying upon <u>Myers v. MBNA Am.</u>, 2001 WL 965063, No. 00-163-M-DWM (D. Mont. Mar. 20, 2001). In <u>Myers</u>, the court ruled that an amendment adding an arbitration agreement which MBNA mailed to the cardholder was not effective. The <u>Myers</u> court found that the amendment altered plaintiff's remedies at law, and therefore was not valid. <u>Myers</u>, however, did not provide an analysis under Delaware law, which controls the agreement here.

Under Del. Code Ann. tit. 5, § 952, a credit card issuer seeking to unilaterally add an arbitration clause to an agreement must provide notice and an opt-out provision. <u>Edelist v. MBNA Am. Bank</u>, 790 A.2d 1249, 1257-58 (Del. Super. 2001). Failure to comply with the terms of the opt-out provision and continued charges to the account operate as acceptance of the arbitration amendment under Delaware law. <u>Id.</u> at 1258-59; <u>see also</u> <u>Marsh v. First USA Bank</u>, 103 F. Supp.2d 909, 919 (N.D. Tex. 2000) (plaintiffs contractually bound by mailed arbitration amendment when they did not follow amendment's prescribed written opt-out procedure and continued to use credit cards); <u>Joseph v. MBNA Am. Bank, N.A.</u>, 148 Ohio App.3d 660, 663-4, 775 N.E.2d 550, 553 (2002) (same). Plaintiff did not opt out, and she therefore accepted the arbitration amendment.

Plaintiff next asserts that the arbitration clause is substantively unconscionable because the National Arbitration Forum – the contractually designated arbitrator – charges high fees. <u>See</u> <u>Nefores v. Branddirect Mktg.</u>, 2004 WL 2260703, at *10 No. 03-CA-104 (Ohio App. Sept. 17, 2004) (clause requiring arbitration before NAF substantively unconscionable because of prohibitive costs).

Under the FAA, 9 U.S.C. § 2, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." <u>Doctor's Assocs., Inc. v. Casarotto</u>, 517 U.S. 681, 687 (1996). In determining whether a generally applicable contract

5

defense may invalidate an arbitration agreement, a court looks to state law.  See Perry v. Thomas, 482 U.S. 483, 492 n. 9 (1987).

Under Delaware contract law, to render void a contractual provision on the basis of unconscionability, a court must find that the party with superior bargaining power used it to take unfair advantage of the other party.  Graham v. State Farm Mut. Auto. Ins. Co., 565 A.2d 908, 912 (Del. 1989).  For a contract provision to be deemed unconscionable, its terms must be so one-sided as to be oppressive.

A finding of unconscionability may be appropriate where an arbitration mechanism set forth in a contract is unfairly structured.  Id.  Further, an arbitration agreement may be unenforceable if a party would "be saddled with prohibitive [arbitration] costs."  Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 90-91 (2000).  Here, however, the record does not show that plaintiff will bear such costs if she goes to arbitration.  Under the agreement, MBNA will forward the costs of arbitration, and the arbitrator determines who pays the costs and fees.  Further, the agreement provides that in no case will the cost of arbitration exceed the costs if the action were filed in state court.  The Court finds that the arbitration clause is not unconscionable.

**IT IS THEREFORE ORDERED** that defendant's Motion To Stay Proceedings And To Compel Arbitration (Doc. #8) filed December 15, 2005 be and hereby is **SUSTAINED** in that the Court finds that this case is subject to arbitration.  **The case is therefore STAYED pending arbitration**.

**IT IS FURTHER ORDERED** that the parties file status reports with the Court every 90 days during the stay.

Dated this 27th day of February, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge

7